**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



Beth A. Buchanan
United States Bankruptcy Judge

**Dated: March 13, 2019**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **In Re** ) | |
| ) | |
| **JAMES D. BOGGS** ) | **Case No. 19-30346** |
| **GINA E. BOGGS** ) | **Chapter 13** |
| ) | **Judge Buchanan** |
| **Debtor(s)** ) | |

**SUA SPONTE OBJECTION TO CONFIRMATION OF CHAPTER 13
PLAN AND ORDER SETTING HEARING**

This matter is before this Court *sua sponte* on the Debtor(s)'s proposed *Chapter 13 Plan* (the "Plan") [Docket Number 8].

- The Debtor(s) failed to check the appropriate box in Paragraph 1 of the Plan indicating that the Debtor(s) propose to limit the amount of a secured claim based on the value of the collateral securing the claim. *See* Fed. R. Bankr. P. 3015.1(c).

- The Plan was not served on the creditor(s) listed in Paragraph 5.1.4 in the manner provided by Rule 7004 of the Federal Rules of Bankruptcy Procedure. *See* Fed. R. Bankr. P. 3012. The certificate of service of the Plan indicates service on the "President" of the institution but does not name a specific individual. The Plan does not comply with Rule 7004(h)(1) because the Debtor served an office instead of a named officer. *See Saucier v. Capital One (In re Saucier)*, 366 B.R. 780, 784-85 (Bankr. N.D. Ohio 2007) (determining

that this type of generic heading is insufficient to effectuate proper service under Rule 7004).[1]

Accordingly, this matter is set for hearing before the Honorable Beth A. Buchanan, United States Bankruptcy Judge, at the United States Bankruptcy Court, East Courtroom, 120 West Third Street, Dayton, Ohio on **April 16, 2019 at 1:30 p.m.**

**This Court may vacate the hearing as relates to this Court's objection if the Debtor(s) correct the deficiency(ies) listed above.**

Distribution List:

Default List

---

[1] Courts are divided on this issue. *See In re Bolden*, 2014 WL 690514, at *2, 2014 Bankr. LEXIS 699, at *4-5 (Bankr. M.D.N.C. February 21, 2014) (discussing the divergent views without deciding the issue). In the absence of published authority form this district, this Court agrees with *Saucier* that the better practice is to serve a specifically named individual that holds the officer position.